# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ROBERT FRANCIS BERRY,<br>     #266351,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF SOUTH CAROLINA;<br>LEROY CARTLEDGE, Acting<br>Warden of McCormick Correctional<br>Institution,<br><br>                    Respondents. | CIVIL ACTION NO. 9:08-754-HFF-BM<br><br><br>**REPORT AND RECOMMENDATION** |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 dated December 19, 2007, and filed on March 5, 2008.[1] The Respondents filed a return and motion for summary judgment on July 8, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 9, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on August 7, 2008. This matter is now before the Court for disposition.[2]

---

[1] Although the envelope does not reflect the date that it was delivered to the prison mail room, the undersigned notes that the petition was sent priority mail. Therefore, it may have been sent from outside the prison mail system. C.f. Houston v. Lack, 487 U.S. 266, 270-276 (1988)[for limitations purposes, prisoner pleading deemed filed at moment of delivery to prison authorities for forwarding to Court].

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment.



**Procedural History**

Petitioner was indicted in December 1998 for criminal sexual conduct with a minor, first degree [Indictment No. 98-GS-18-1138] and in June 1999 for assault with intent to commit criminal sexual conduct, first degree [Indictment No. 98-GS-18-437]. (R.pp. 213-216). Petitioner was represented on these charges by Marva Hardee-Thomas, Esquire. After a trial by jury (in Petitioner's absence) on September 2, 1999, Petitioner was found guilty of criminal sexual conduct with a minor, first degree and not guilty of assault with intent to commit criminal sexual conduct, first degree. (R.p. 198). The trial judge sentenced Petitioner to a term of life imprisonment, which was imposed after Petitioner had been arrested and brought before the court. (R.p. 210).

A timely appeal was filed on behalf of the Petitioner. Petitioner's counsel, Assistant Appellate Defender Robert M. Dudek, filed an Anders[3] brief seeking to be relieved as counsel and raising the following direct appeal issue:

> Whether the trial court erred in overruling defense counsel's motion for a mistrial after the victim's grandmother placed appellant's character in issue?

(R.p. 221).

On April 25, 2001, the Petitioner filed an initial pro se brief, with a second pro se brief being filed on August 9, 2001. The South Carolina Court of Appeals then affirmed Petitioner's convictions and granted counsel's request to be relieved. See State v. Berry, Op. No. 2002-UP-171 (S.C.Ct.App. Mar. 7, 2002). (R.pp. 230-231). Petitioner filed a pro se petition for rehearing dated April 3, 2002, which was denied on May 15, 2002.

Petitioner then appealed to the South Carolina Supreme Court by way of a Petition for

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3] Anders v. California, 386 U.S. 738, 744 (1967).



Certiorari, raising the following issue:

> Did the South Carolina Court of Appeals err when it failed to address the Petitioner's claims that a directed verdict motion should have been granted when the evidence was insufficient to create a jury question on the sexual battery element of the charged offense, and that Petitioner's motion for a mistrial should have been granted after the Petitioner's character was improperly placed in issue?

See Petition, p. ii.

The South Carolina Supreme Court denied the petition on November 6, 2002, and the Remittitur was sent down on November 14, 2002. See Order and Remittitur dated November 6 and November 14, 2002, respectively.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state circuit court on May 8, 2003; Berry v. State of South Carolina, 2003-CP-18-821 (R.pp. 232-235). Petitioner subsequently amended his petition, asserting the following ineffective assistance claims:

1. Counsel failed to motion the trial court to charge the jury on Applicant's absence from the trial, pursuant to McFadden v. State, 539 S.E.2d 391 (S.C. 2000).

2. Counsel failed to request that the trial court make critical findings of fact with regard to the Applicant's absence; to wit, (1) whether the applicant had received sufficient notice of his trial; and (2) whether the applicant had been warned that he would be tried in his absence if he failed to appear in court at the appointed time.

3. Counsel failed to present police evidence which would have impeached the testimony of the State's most damaging witness, Lisa Breeland.

4. Counsel failed to object to the trial court's prejudicial remarks to the jury, i.e. that the Applicant was charged with having sex with a child. Counsel also failed to object to the trial court's improper qualification of the victim/witness.

5. Counsel failed to investigate defense witnesses prior to placing witnesses on the stand.

6. Counsel submitted damaging evidence, comments and argument to the jury.

7. Counsel shifted the burden of proof from the State to the Applicant during closing arguments.

Certiorari, raising the following issue:

> Did the South Carolina Court of Appeals err when it failed to address the Petitioner's claims that a directed verdict motion should have been granted when the evidence was insufficient to create a jury question on the sexual battery element of the charged offense, and that Petitioner's motion for a mistrial should have been granted after the Petitioner's character was improperly placed in issue?

See Petition, p. ii.

The South Carolina Supreme Court denied the petition on November 6, 2002, and the Remittitur was sent down on November 14, 2002. See Order and Remittitur dated November 6 and November 14, 2002, respectively.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state circuit court on May 8, 2003; Berry v. State of South Carolina, 2003-CP-18-821 (R.pp. 232-235). Petitioner subsequently amended his petition, asserting the following ineffective assistance claims:

1. Counsel failed to motion the trial court to charge the jury on Applicant's absence from the trial, pursuant to McFadden v. State, 539 S.E.2d 391 (S.C. 2000).

2. Counsel failed to request that the trial court make critical findings of fact with regard to the Applicant's absence; to wit, (1) whether the applicant had received sufficient notice of his trial; and (2) whether the applicant had been warned that he would be tried in his absence if he failed to appear in court at the appointed time.

3. Counsel failed to present police evidence which would have impeached the testimony of the State's most damaging witness, Lisa Breeland.

4. Counsel failed to object to the trial court's prejudicial remarks to the jury, i.e. that the Applicant was charged with having sex with a child. Counsel also failed to object to the trial court's improper qualification of the victim/witness.

5. Counsel failed to investigate defense witnesses prior to placing witnesses on the stand.

6. Counsel submitted damaging evidence, comments and argument to the jury.

7. Counsel shifted the burden of proof from the State to the Applicant during closing arguments.



> 8. Counsel conceded the guilt of the Applicant to the jury in closing arguments.
>
> 9. Counsel rendered ineffective assistance of counsel in that counsel failed to make certain specific objections.
>
> 10. Counsel rendered ineffective assistance in that counsel elicited damaging testimony throughout Applicant's trial.

(R.pp. 237-240).

An evidentiary hearing was held on November 8, 2005 at which Petitioner was present and represented by Henry R. Schlein, Esquire. (R.pp. 248-342). On December 7, 2005, the PCR judge entered a written order denying the petition in its entirety. (R.pp. 343-351).

Petitioner then filed a petition for writ of certiorari in the South Carolina Supreme Court. Petitioner was again represented on appeal by Pachak, who raised the following issue:

> Whether defense counsel was ineffective in failing to make a contemporaneous objection when the victim's grandmother placed petitioner's character into issue?

See Petition, p. 2.

On July 3, 2007, the South Carolina Supreme Court denied the petition. See Order filed July 3, 2007. The Remittitur was issued on July 19, 2007.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground A**: Counsel was ineffective for failing to object to the leading of the witness at trial and prosecutorial misconduct for not doing so.
>
> **Ground B:** Counsel was ineffective for failing to ask for directed verdict when alleged victim denied being assaulted.
>
> **Ground C:** Counsel was ineffective when failing to object to false statement by alleged victim's mother at trial.
>
> **Ground D**: Counsel was ineffective for failing to confront Lisa Breeland on her conflicting testimony which disputed her statement to police which Ms. Hardee

4



Thomas had in her possession but failed to use it.

**Ground E:** Counsel failed to object to hearsay assumptions given as fact by Tom Marshall to be heard by the jury.

**Ground F:** Counsel failed to object to police officer's emphatic statement that victim had been sexually assaulted or to request jury instruction.

**Ground G**: Counsel was ineffective for failure to timely object to Christine Parker's "bad acts" statement.

**Ground H:** Counsel failed to investigate defense witness Clifton Valentine prior to taking the stand.

**Ground I:** Counsel failed to object to hearsay testimony by Dr. Baker regarding alleged possible symptoms of sexual abuse even though she admitted she herself was given no such info.

**Ground J**: Counsel was ineffective for failing to object to Tom Marshall's inference testimony (which was stopped by Judge Brown instead of by Ms. Thomas). Duty to object here.

**Ground K:** Appellate counsel issued an Anders Brief even though he had raised appropriate issue of "prior bad acts" testimony on direct appeal. See Anders Brief attached to appeal brief unnecessarily.

**Ground L:** Counsel was ineffective in closing arguments by failing to bring to the jury's attention all the contradictory and conflicting testimonies by Christine Parker, Lauren Lawson, and the Sheriff's Department official records regarding when this alleged assault was reported as well as how could there have been a second visit scheduled (which they admitted)-were this testimony true? All of their testimonies should have questionable credibilities after these discrepancies - plus the previously mentioned police report which was directly opposite Lisa Breeland's testimony as well. In short, their versions of events did not match time frames or allow for the second visit to have even been possible. Also, Mrs. Parker used hearsay testimony instead of her own and denied the actual dates the reports were made! Then she forgot them!

**Ground M**: Defense counsel provided ineffective counsel to the defendant by her failure to properly check Mr. Berry's facts and investigate the 1997 burglary of Mr. Berry's home and subsequent incarceration and restitution (which was paid to Mr. Berry by Clerk of Court check since his incarceration) paid to him by Todd Sander, who was the husband of Lisa Breeland . . . .



>    **Ground N:** Defense counsel failed to object to the trial court's prejudicial (and false) remarks to the jury, i.e. that the Applicant "was charged with having sex with a child." Further, counsel failed to object to the trial court's improper qualification of the victim/witness in that the court questioned the child whether she attended church, followed by the question did the victim/witness "know what happened to liars?"

See Petition, pp. 5-6, and attachments.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

With regard to all the grounds presented in this petition (with the exception of Ground C[4]), Respondents contend that these issues are procedurally barred from consideration by this Court.

---

[4]The Respondents refer to Ground C as having been raised in Petitioner's PCR appeal and preserved. However, Ground C refers to ineffective assistance of counsel for failing to object to testimony from the victim's mother concerning whether the victim had any physical injury. See Habeas Petition, p. 6. The issue raised in Petitioner's PCR appeal dealt with ineffective assistance of counsel for failure to object to testimony from the victim's grandmother placing Petitioner's character into issue. See Petition, p. 2. It appears that Petitioner may have intended to pursue this claim in Ground G, although Petitioner references his mother's testimony in that Ground, not his



Respondents contend that these grounds (except for Ground K, which was not raised at all) were raised in Petitioner's APCR, but were not thereafter pursued by Petitioner in his PCR appeal. In comparing these issues with the issues presented in Petitioner's APCR, it is not clear to the undersigned that these issues were all even raised and/or ruled on by the PCR judge. In any event, since the undersigned agrees that Petitioner did not properly pursue and exhaust these claims in his APCR and/or PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are otherwise fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar

---

grandmother's. However, while not cited in the caption of Petitioner's PCR appeal, Petitioner did reference his mother's testimony (as well as his grandmother's) in the text of the PCR appeal. See Petition, p. 4. Therefore, out of an abundance of caution, the undersigned has addressed the issue preserved in the PCR appeal on the merits. See discussion [Section II], infra.



consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner appears to assert ineffective assistance of his PCR counsel as his "cause" for any issues not being properly exhausted in his PCR proceedings. See Memorandum in Opposition to Summary Judgment, p. 5. However, Petitioner's argument that his PCR (and/or PCR appellate) counsel were ineffective for failing to pursue certain claims in his PCR action or appeal does not provide Petitioner with cause for a default of these issues. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However,



while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996).

Here, Petitioner has failed to show the necessary "cause" for his procedural default because, to the extent he is claiming that his PCR or PCR appellate counsel did not pursue these claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default.[5] Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Accordingly, Petitioner has failed to show cause for his procedural default on these

---

[5] Petitioner does make one other reference to "cause" in his memorandum. See Memorandum in Opposition to Summary Judgment, p. 2. He appears to be complaining about the grandmother's testimony and his claim that her testimony was not true. As previously discussed, the undersigned is treating this issue as having been properly exhausted for purposes of federal court review, and has discussed Petitioner's claim that his trial counsel was ineffective for failing to object to certain testimony from the victim's grandmother and mother in Section II, infra.



9

issues.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].  Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered.  see, Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence.  Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which [she] was convicted."  United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999).  He has failed to do so.  Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed.  See 28 U.S.C. § 2254.

**II.**

With respect to Petitioner's claim that his trial counsel was ineffective by failing to timely object to "bad acts" statements by the victim's mother and grandmother, this issue was raised in Petitioner's APCR, where he had the burden of proving the allegations in his petition.  Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).  The PCR court rejected

10



this claim,[6] making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Berry v. State of South Carolina, No. 03-CP-18-821. Specifically, the PCR judge found that: 1) Petitioner alleged that counsel was ineffective in failing to make numerous objections; 2) trial counsel's testimony was credible with regard to how she handled objections to testimony; 3) Petitioner's testimony was not credible; and 4) no ineffective assistance of counsel had been shown. (R.pp. 346-347). Petitioner's PCR appeal raising this sole issue was then denied by the South Carolina Supreme Court

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

---

[6] A fair reading of the PCR hearing transcript and the Judge's order makes it at least arguable that the PCR judge did not even specifically address this issue, which would have barred it from review in Petitioner's PCR appeal. However, since both parties addressed it on the merits in state court in Petitioner's Certiorari petition, and Respondents do not argue that it is procedurally barred on that basis, the undersigned has likewise proceeded to discuss it on the merits. Further, since the PCR appeal discussed both the mother's and grandmother's testimony (although only referencing the grandmother's testimony in the stated issue), the testimony of both witnesses is discussed. See Petition, p. 4.

11



under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner



must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. At trial, the victim's mother, Christine Parker, was asked, "[a]nd did you trust him [Petitioner] with your daughter?" Parker responded,

> "[w]ell, I'd asked my husband first, you know, 'Do you know him very well?' And he said, 'Yeah, I know him pretty good.' But he never did tell me, you know, what had happened in the past. So you know, I thought, well, why not go ahead and trust him."

(R.p. 62).

The Court then sent the jury out and instructed the Solicitor,

> Now, Solicitor, this witness has evoked words to the effect it happened in the past. The defendant is not here and so you can't infer anything about testimony. If it's something that happened in the past, you can't bring it up. So have you explained this to this witness?

(R.p. 63).

The prosecution answered in the affirmative, and the Court proceeded to also instruct the witnesses as follows:

> This witness or no witness can ever bring up anything that happened in the past about this defendant because he's not here, and that would be hearsay evidence.

(R.p. 63).

Subsequently, the victim's grandmother, Laura Lawson, testified:

> Right. He [Petitioner] said that he was going through some custody things or

13



>whatever. And I said he probably didn't need to have any children in his house if these kind of things happened. And he just continued pleading with me [not to contact the police].

(R.p. 76).

Petitioner's counsel did not object on the record at that time (although she did apparently raise the issue with the court), but did later make a motion for a mistrial based on the statements from Lawson and Parker. (R.pp. 102-104). The trial court denied the motion for a mistrial, but offered to attempt to cure it, to which Petitioner's counsel responded, "Your Honor, how would you cure something like that?" (R.p. 103). The trial court responded, "I don't know. I'm just asking you." (R.p. 104). After counsel responded that she was concerned about possible prejudice to the Petitioner, the trial court stated, "[a]ll right. I don't think the jury at this point has got any information that anything occurred of this nature in the past. But I note your objection. I deny it." (R.p. 104). Accordingly, the trial court did not find that Petitioner's counsel had waived her objection to this testimony. Rather, based on the record before the Court, it appears that counsel was allowed to have her objection noted and preserved. (R.p. 104).

Accordingly, Petitioner has failed to show that his counsel was ineffective for failing to contemporaneously object to this testimony. While Petitioner argues that his counsel should have objected to the court's instruction and instead propose an adequate instruction to the trial judge, the record shows that trial counsel did move for a mistrial which was denied *and* that she was allowed to have her objection noted. As previously noted, the South Carolina Supreme Court dismissed this claim, and the undersigned can find no basis in the record or the applicable case law to overturn these findings of the state court. Evans, 220 F.3d at 312.

Further, Petitioner has also failed to show that, even if his counsel had

14



contemporaneously objected, the outcome would have been different. The trial court allowed the Petitioner to preserve this objection, which would have been reviewed by the South Carolina Court of Appeals and Supreme Court pursuant to Anders. Therefore, Petitioner has not shown the necessary prejudice to establish that his counsel was ineffective, nor has he presented evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]. This claim is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 2, 2009

Charleston, South Carolina



15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



16